13-4480-cv
*Wang v. The Hearst Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
RICHARD C. WESLEY,
       *Circuit Judges.*

_____

XUEDAN WANG, on behalf of herself and all others similarly situated, ELIZABETH MANCINI, MATTHEW JORDAN WAGSTER, STEPHANIE LAUREN SKORKA, ERIN E. SPENCER, ALEXANDRA RAPPAPORT, SARAH WHEELS, CAITLIN LESZUK,

       *Plaintiffs-Appellants,*

    -v.-                           No.    13-4480-cv

THE HEARST CORP.
       *Defendant-Appellee.*[*]

_____

[*] The clerk of the court is directed to amend the caption as set forth above.

FOR APPELLANTS:     RACHEL BIEN (Adam T. Klein, Juno Turner, *on the brief*), Outten & Golden LLP, New York, NY.

FOR APPELLEE:     JONATHAN R. DONNELLAN (Eve Burton, Kristina E. Findikyan, Courtenay O'Connor, *on the brief*), Hearst Corp., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court denying summary judgment be and hereby is **VACATED,** the order denying class certification be and hereby is **AFFIRMED,** and the case **REMANDED.**

Plaintiffs brought this interlocutory appeal from the district court's May 8, 2013 order denying their motion for partial summary judgment and denying their motion for class certification. This appeal was argued in tandem with *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-4478-cv, which we decide today in a full opinion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## Plaintiffs' Motion for Partial Summary Judgment

Before the district court, plaintiffs, who worked as unpaid interns at various Hearst magazines, moved for partial summary judgment contending that they were "employees" for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-07, and New York Labor Law ("NYLL"), N.Y. Labor Law § 652. The district court denied plaintiffs' motion because it found that material disputes of fact existed with respect to the proper standard to apply and with respect to the first, second, third, and fourth Department of Labor ("DOL") factors enumerated in its Intern Fact Sheet.

We review a district court's denial of summary judgment de novo. *See Velez v. Sanchez*, 693 F.3d 308, 313-14 (2d Cir. 2012). A grant of summary judgment should be affirmed only if, drawing all reasonable inferences in favor of the nonmoving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.*

On appeal, plaintiffs argue that the district court erred by failing to grant their motion for partial summary judgment because interns must be considered employees if they provided an immediate advantage to the employer. In the alternative, they argue that the district court erred by failing to grant partial

3

summary judgment because Hearst cannot establish four of the six DOL criteria as a matter of law. Both arguments are without merit. As we explained fully in *Glatt*, an unpaid intern is an employee under the FLSA when the employer, rather than the intern, is the primary beneficiary of the parties' relationship. *Glatt v. Fox Searchlight Pictures, Inc.*, No. 13-4478-cv, slip op. at 13 (2d Cir. July 2, 2015). We also announced a non-exhaustive set of factors that courts can use to answer that question. *Id.*, slip op. at 14-15. Accordingly, even assuming that Hearst received an immediate advantage from plaintiffs and could not establish four of the DOL factors, plaintiffs have not shown that they were entitled to judgment as a matter of law on the issue of their employment status.

Although the district court applied a totality of the circumstances test, it understandably did not consider all of the factors we proposed in *Glatt*. The district court should determine in the first instance, in light of *Glatt*, whether plaintiffs established that they were FLSA employees as a matter of law. Accordingly, we vacate the district court's order denying the plaintiffs' motion for partial summary judgment and remand for further proceedings consistent with our opinion in *Glatt*.[1] As in *Glatt*, the district court may, in its discretion,

---

[1] During the pendency of this appeal, the case was reassigned to Judge J. Paul Oetken because of the death of Judge Baer.

permit the parties to introduce new evidence. We express no opinion with respect to the outcome of any renewed motions for summary judgment under the standard we set forth in *Glatt*.

## **Plaintiffs' Motion for Class Certification**

Plaintiffs also moved to certify the following class pursuant to Federal Rule of Civil Procedure 23(b)(3): "All persons who have worked as unpaid interns at Hearst Magazines in New York between February 1, 2006 and the date of final judgment in this matter." S.A. 7. The district court determined that plaintiffs established Rule 23(a)'s requirements of numerosity, typicality, and adequacy, but failed to establish commonality under Rule 23(a) or predominance under Rule 23(b)(3). Accordingly, the district court denied plaintiffs' motion to certify the class.

We review the district court's class certification ruling for abuse of discretion and the conclusions of law that informed its decision to deny certification de novo. *See Parker v. Time Warner Entm't Co., L.P.*, 331 F.3d 13, 18 (2d Cir. 2003).

The district court found that there was no uniform policy with respect to the contents of the internships, including interns' duties, training, and

5

supervision, such that the analysis would have to be individualized. As a result, the district court concluded that common questions do not predominate over individual ones.

On appeal, the plaintiffs contend that Hearst's common practices will be decisive of the merits and that representative testimony can be used to establish those common practices. These arguments are unpersuasive. As we have framed the relevant inquiry, courts must analyze how the internship was tied to the intern's formal education, the extent of the intern's training, and whether the intern continued to work beyond the period of beneficial learning. *See Glatt*, No. 13-4478-cv, slip op. at 19. Irrespective of the type of evidence used to answer them, these questions are individual in nature and will require individual analysis. *See id.* Moreover, the district court correctly recognized that interns' experiences varied across the numerous departments at each of the 19 magazines Hearst operates in New York. Therefore, because of variation in the proposed class and the need for individual analysis of each intern's situation, common questions do not predominate over individual ones.

In sum, the district court's conclusions are in accord with our holding in *Glatt* that the question of an intern's employment status is a "highly

individualized inquiry." *See Glatt*, No. 13-4478-cv, slip op. at 19. Therefore, the district court did not abuse its discretion by denying plaintiffs' motion to certify the proposed class. *See Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010) (district court did not abuse its discretion by denying certification of class of store managers where determination of whether managers were exempt under the FLSA would be resolved "by examining the employees' actual job characteristics and duties"). Accordingly, for substantially the same reasons that we vacated the district court's order granting the plaintiffs' motion to certify the proposed class in *Glatt*, we affirm the district court's order denying plaintiffs' motion for class certification.[2]

We have considered the remainder of the plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court denying summary judgment hereby is VACATED, the order of the district court denying class certification hereby is AFFIRMED, and the case is REMANDED for further

---

[2] Although we find that the district court's certification order accords with the new legal standard we announced in *Glatt*, we cannot foreclose the possibility that a renewed motion for class certification might succeed on remand under our revised standard. *See Glatt*, No. 13-4478-cv, slip op. at 20 n.5.

proceedings consistent with our opinion in *Glatt v. Fox Searchlight Pictures, Inc.*,

No. 13-4478-cv (2d Cir. July 2, 2015), and this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk